CIARDI CIARDI & ASTIN
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
aciardi@ciardilaw.com
jcranston@ciardilaw.com
*Proposed counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| In re: | |
|---|---|
| **WEYERBACHER BREWING COMPANY, INC.,** <br><br> Debtor. | **Chapter 11** <br><br> **Bankruptcy No. 22-11665 (PMM)** |

**MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR
AN ORDER (I) AUTHORIZING THE DEBTOR TO OBTAIN SECURED POST-
PETITION FUNDING PURSUANT TO 11 U.S.C. §364(c) AND (d),
(II) SCHEDULING AN EXPEDITED HEARING WITH A REDUCED NOTICE PERIOD
AND LIMITED NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9006(C)(1) AND E.D. PA. L.B.R. 5070(F),
AND PROVIDING FOR (III) RELATED RELIEF**

Weyerbacher Brewing Company, Inc. (the "Debtor" or the "Borrower"), by and through undersigned counsel, Ciardi Ciardi & Astin, hereby moves this Court for an order (I) pursuant to 11 U.S.C. § 364(c) and (d), authorizing the Debtor to obtain secured post-petition funding consisting of an agreement between Capital Source Group, LLC (the "Purchaser") and the Debtor evidenced by a letter of intent attached hereto as Exhibit "B" (the "Letter of Intent" to be supplemented with the proposed "DIP Agreement" at or before the time of the hearing on the Motion, defined *infra*) to purchase the receivables of the Debtor, (II) setting an Expedited Hearing, Reduced Notice Period and Limited Notice Pursuant to Federal Rule of Bankruptcy Procedure

1

("Rule") 9006(c)(1) and E.D. Pa. L.B.R. 5070(f), and for (III) related Relief (the "Motion"); and in support thereof respectfully represents as follows:

## BACKGROUND

1. On June 27, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Title 11 of the United States Code, 11 U.S.C. §§101, et seq. (as amended, the "Bankruptcy Code") in this Court. The Debtor remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. As of the date of the filing of the Motion, the Office of the United States Trustee has not appointed an Official Committee of Unsecured Creditors (the "Committee") in this case.

3. This Court has jurisdiction over this Chapter 11 case and the Motion pursuant to 28 U.S.C. §§157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. §157(b)(2).

4. Weyerbacher Brewing was founded in 1995 in a livery stable located in downtown Easton, Pennsylvania. Eventually outgrowing that small space, it moved to the 30,000 square foot facility, located at 905 Line Street in Easton, Pennsylvania. Since the beginning, Weyerbacher Brewing established a reputation for making big, full-flavored, high quality brews. While predominantly known for Belgian-style brews including Merry Monks and QUAD, Weyerbacher Brewing has an extensive barrel aging program which produces fan favorites including Insanity and Riserva. In recent years, Weyerbacher Brewing has expanded into IPAs and other lower ABV styles with great success. Experimenting with different ingredients and brewing techniques, Weyerbacher brewers continue to stretch their creative minds and develop interesting and beers that will satisfy the public's taste for the extraordinary. Weyerbacher Brewing also offers two tap

room experiences: (1) a tap room located inside the brewery at 905 Line Street in Easton, Pennsylvania; and (2) a tap room located at The Ferry Market in New Hope, Pennsylvania. Both tap room locations feature craft beer and soda as well as snacks. Local food trucks are also in rotation during the season.

5.  The Debtor requires post-petition financing to fund operations, purchase materials, and create product for sale to consumers. The Debtor currently has a large quantity of beer in tanks ready for shipment to customers. The Debtor requires additional funds for packaging, bottling, canning and payroll to complete and ship in place orders. Attached as Exhibit "A" is the proposed budget for use of the loan proceeds from the initial tranche provided in the Letter of Intent. Tranche 1, in the amount of $100,000, will be used to "prime the pump" for the Debtor's future operations.

6.  The Debtor and the Purchaser have agreed on the terms of a Letter of Intent whereby the Purchaser shall purchase the receivables of the Debtor for $250,000 (the "Purchase Amount") split into the following tranches: (1) $100,000 at the time of signing the Purchase Agreement, as that term is defined in the letter of intent attached hereto as Exhibit "B" (the "Letter of Intent"), (2) $75,000 to be provided by the Purchaser on a date to be determined by the Purchaser after the payout of tranche 1, and (3) $75,000 to be provided by the Purchaser on a date to be determined by the Purchaser after the payout of tranche 2 secured by a first priority lien on all post-petition receivables and made pursuant to the following terms (the "Collateral"):

   a) Diligence Fee: $15,000 will be deduced from Tranche 1.

   b) Monthly Maintenance Fee: $3,750 per month (debited via ACH every 30 calendar days from date of Tranche 1 until Purchased Amount, as that term is defined in

Exhibit "B"[1], is paid in full to Purchaser.

    c) Origination Fee: 500 basis points (5%) to be applied to Purchased Amount at closing.

    d) Holdback Percentage: 40%. Purchaser retains 40% of incoming deposits until Purchased Amount and Origination Fee are paid in full.

    e) Purchased Amount: 1.49 factor on Debtor-in-Possession Financing amount as payment to Purchaser.

    f) Payback method: 40% of taproom sales and distributor sales.

    g) Personal guaranty: to be provided by owner or manager of the Debtor.

The Letter of Intent is attached as Exhibit "B". The loan documents will be provided in advance of the interim hearing on approval of the Motion.

    7. The Debtor requires the post-petition funding to continue and manage its operations in anticipation of the confirmation of a Plan.

    8. Specifically, the Debtor does not have sufficient available sources of working capital or other financing to continue to create product, market the brand, and grow its business for the benefit of its creditors.

    9. The Purchaser has indicated its willingness to extend post-petition funding to the Debtor, but only in accordance with and under the terms set forth in the Letter of Intent attached hereto as Exhibit "B" that is summarized in paragraph 6, *supra*.

    10. The Debtor's budget projects weekly payments to the Purchaser as indicated on the line item titled "payback amount".

    11. The terms of the Letter of Intent are fair and reasonable in light of the Debtor's

---

[1] Also, attached with the Letter of Intent, as Exhibit "B" is a spreadsheet outlining the cost of capital and structure/terms of the proposed debtor-in-possession facility.

credit and as compared to the terms offered by other lenders.

12. The Letter of Intent allows the Debtor to continue to operate its business and fulfill its obligations, while infusing working capital.

13. The Debtor is unable to obtain credit on an unsecured basis or on the basis of a general administrative claim from any other party or entity.

14. No additional financing statements are required to be filed to perfect the post-petition superpriority administrative claim, liens and security interests granted to the Purchaser under this Motion, the proposed order and the Letter of Intent. However, should Purchaser elect to file or record financing statements, information statements or other documents, the Debtor requests the Court's permission to do so and also request modification of the automatic stay to allow for the recording of the same.

15. The granting of the super-priority administrative claims, security interests, and liens to Purchaser will enable Purchaser to provide post-petition funding to the Debtor through the Letter of Intent which will permit the Debtor to continue operations, proceed with reorganization efforts, and infuse working capital into its operations.

16. In accordance with Section 364, the Debtor represents it is unable to obtain credit for operations on an (a) unsecured basis; (b) on the basis of a general administrative claim; or (c) on any basis more favorable to the Debtor than proposed in the Motion.

17. The Debtor believes that the request to obtain post-petition credit secured by a super-priority lien is proper, reasonable and necessary to continue the Debtor's operations.

18. Approval of the Debtor's request to obtain post-petition credit from the Purchaser secured by the requested liens against the Collateral and the proposed guaranty as well as the contemplated fees is in the best interest of the Debtor and the creditors of the Debtor's collective

estate.

19.     The terms and provisions of the Letter of Intent described in the Motion, including the proposed order, are fair and reasonable and were negotiated by the parties in good faith and at arms' length. Consequently, the Debtor requests that this Court find that any loans made by the Purchaser, pursuant to the Letter of Intent, are made in good faith for the purposes of §364(e) of the Bankruptcy Code.

20.     The Debtor requests entry of the order approving the funding and for the entry of an Order scheduling a final hearing.

21.     The Debtor has disclosed all of the terms of the agreement between the Purchaser and the Debtor.

## REQUEST FOR EXPEDITED HEARING

22.     Rule 4001(c) of the Bankruptcy Rules provides that a final hearing on a motion to obtain credit pursuant to Section 364 may not be commenced earlier than 14 days after the service of such motion. See FED. R. BANK. P. 4001(c). Upon request, however, the court is empowered to conduct a preliminary expedited hearing on the motion and authorize the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to a debtor's estate. See FED. R. BANKR. P. 4001(c)(2).

23.     Pursuant to E.D. Pa. L.B.R. 5070(f), the Debtor requests that this Court schedule an expedited hearing on July __, 2022 at ____ a./p.m. to coincide with the currently scheduled hearing on the Debtor's continued use of cash collateral.

24.     The Debtor therefore requests an order scheduling an expedited hearing, limiting notice and reducing the notice period in connection with the Motion. Upon filing the Motion, counsel for the Debtor has contacted the Office of the United States Trustee, counsel for secured

creditors, and counsel for the Purchaser to advise them of the Debtor's request for expedited consideration and, where appropriate, to obtain consent to the same.

WHEREFORE, the Debtor requests that this Court enter an order in the form attached hereto and for such other and further relief as this Court deems just.

Respectfully submitted,

CIARDI CIARDI & ASTIN

Dated: June 28, 2022    By:  /s/ Albert A. Ciardi, III
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(T) 215-575-3550
(F) 215-575-3551

*Proposed Attorneys for the Debtor
and the Debtor-in-Possession*